**Jeanne ROUSH, Plaintiff—Appellee,**

v.

**Bobby BEROSINI, Jr.; Bobby Berosini, Sr.; Joan Berosini; Bobby Berosini, Ltd., Defendants—Appellants,**

**and**

**Bonnie Ann Dendooven, Defendant.**

**No. 05–15112.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2007.*

Filed Feb. 6, 2007.

Bruce Judd, Wright Judd & Winckler, Las Vegas, NV, for Plaintiff–Appellee.

Thomas F. Pitaro, Esq., Harold P. Gewerter, Esq., Harold P. Gewerter, Esq., Ltd., Las Vegas, NV, for Defendants–Appellants.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, TASHIMA, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Bobby Berosini, Sr., and others (collectively, "the Berosinis") appeal the district court's award of $256,087.07 in attorneys' fees and costs to Jeanne Roush's attorneys, pursuant to Fed.R.Civ.P. 37. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Roush has met the applicable standard for the award of fees. *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 437 n. 12, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended.").

In their submissions, Roush's attorneys provided adequate and clear information to describe the fees expended, and the Berosinis fail to present any evidence that the amounts requested were in fact unreasonable, redundant, or excessive, given the work performed and the nature of the case. Moreover, Roush's attorneys specifically deducted certain expenditures from the amounts requested and the magistrate judge deducted further amounts. They explained the fees' justifications, showing attention to proper billing. *See Dressler v. Seeley Co. (In re Silberkraus),* 336 F.3d 864, 872 (9th Cir.2003) (noting example of properly undertaken analysis); *Fair Hous.*

*of Marin v. Combs,* 285 F.3d 899, 908 (9th Cir.2002) (same).

Notably, the magistrate judge properly doubted the Berosinis' good faith in objecting to the fee award, based upon their suggestion that even Roush's "extensive motion practice" attempting to return the Cataluna investment to the United States did not relate to those funds. The court further noted that despite their claim about the redundancy and excessiveness of the fee award, the Berosinis "fail[ed] to point to a specific billing that is either 'redundant' or 'excessive,'" and the court criticized the Berosinis' "effrontery to characterize themselves as having been forthright all along; to blame plaintiff for not believing their representations; and to denigrate plaintiff's efforts to unmask defendants' fraudulent scheme."

The district court did not abuse its discretion, and the order of the district court awarding attorneys' fees and costs is

**AFFIRMED.**[2]

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we do not recite them except to the extent necessary to aid in understanding this disposition.

2. We deny without prejudice to its being properly renewed, Roush's request that we find the appeal frivolous under Fed. R.App. P. 38. "Rule 38 does not permit an award of fees unless the request is made in 'a separately filed motion.'" *Higgins v. Vortex Fishing Sys. (In re Vortex Fishing Sys.),* 379 F.3d 701, 709 (9th Cir.2004) (quoting Fed. R.App. P. 38).